## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN STACKHOUSE,** | : | **Civil No. 4:22-CV-1761** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ST. JOSEPH INSTITUTE** | : | |
| **FOR ADDICTION,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.    Factual Background and Procedural History

This case is a *pro se* civil rights action. According to the plaintiff, Ms. Stackhouse, she "is a 42 year old transfemale pre-op with underlying mental health and addiction issues." (Doc. 1, ¶ 15). In her complaint, Ms. Stackhouse alleges that in May 2022, after she reported that she needed a higher level of treatment for her drug addiction issues, she was transferred to the St. Joseph Institute for Addiction, a facility which Stackhouse identifies as a limited liability corporation (LLC). (Docs. 1 and 35).

While at the St. Joseph Institute, Stackhouse alleges that she was strip searched, tagged with a tracking device, and was not provided adequate hormone replacement therapy. Furthermore, according to Ms. Stackhouse she was allegedly

subjected to verbal and physical abuse by one counselor. (Doc. 1, ¶¶ 15-27). On the basis of these averments, Ms. Stackhouse asserts federal constitutional claims pursuant to the federal civil rights statute, 42 U.S.C. § 1983, for alleged violations of her rights under the Eighth and Fourteenth Amendments of the United States Constitution by the St. Joseph Institute. (Id., ¶¶ 30, 36, 38.) While these alleged federal civil rights claims form the gravamen of Ms. Stackhouse's lawsuit in federal court, she also alleges a number of state law torts, including medical malpractice, false imprisonment, and kidnapping. (Id., ¶¶ 30, 32-34.)

The defendant has moved to dismiss this complaint, arguing in part that Ms. Stackhouse's federal constitutional claims fail because she has not alleged that the St. Joseph Institute, a private corporate drug addiction facility, has acted under the color of state law as required by 42 U.S.C. § 1983. (Doc. 29). For her part, Ms. Stackhouse does not contest that the St. Joseph Institute is a private limited liability corporation and not an arm of state government. (Doc. 35, ¶ 6), Nonetheless, she contends that the institute should still be held liable in federal court for federal constitutional violations as well as state law infractions.

This motion to dismiss is fully briefed and is, therefore, now ripe for resolution. For the reasons set forth below, the motion to dismiss will be granted.

## II.   Discussion

## A.   Motion to Dismiss – Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel,

3

Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at

4

678. Rather, in conducting a review of the adequacy of a complaint, the Supreme

Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain

more than mere legal labels and conclusions; it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis. First,
> the factual and legal elements of a claim should be separated. The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions. Second, a District
> Court must then determine whether the facts alleged in the complaint
> are sufficient to show that the plaintiff has a "plausible claim for
> relief." In other words, a complaint must do more than allege the
> plaintiff's entitlement to relief. A complaint has to "show" such an
> entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard
> for overcoming a motion to dismiss and refined this approach in Iqbal.

5

> The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly

authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

**B.      The Complaint Fails to State a Federal Constitutional Claim Upon Which Relief May be Granted**.

In this case, Ms. Stackhouse's federal constitutional claims fail because she has misconstrued the reach of the federal civil rights statute, 42 U.S.C. § 1983. To the extent that Ms. Stackhouse wishes to bring a claim against a private corporate

addiction counseling facility pursuant to 42 U.S.C. § 1983, she simply misunderstands the reach of this federal civil rights statute. A plaintiff who wishes to bring a federal claim must utilize 42 U.S.C. § 1983, which is the statutory vehicle for asserting constitutional claims. This federal statute provides as follows:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).

Under this statute, in order to maintain a claim, a plaintiff must plead two elements: (1) deprivation of a constitutional right or violation of federal law, and (2) that the constitutional deprivation was caused by a person acting under the color of state law. Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008); see also West v. Atkins, 487 U.S. 42, 47 (1988). The requirement of state action is a "threshold issue" in cases brought under section 1983, Bailey v. Harleysville National Bank & Trust, 188 F. App'x. 66, 67 (3d Cir. July 18, 2006), because "there is no liability under § 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

The phrase "under color of law" used in section 1983 is parallel in meaning to

"state action" as used in the Fourteenth Amendment. <u>Mark</u>, 51 F.3d at 1141; <u>see also</u> <u>Bailey</u>, 188 F. App'x. at 67 ("To show that the defendant acted under color of state law, a litigant must establish that the defendant is a 'state actor' under the Fourteenth Amendment") (citing <u>Benn v. Universal Health System, Inc.</u>, 371 F.3d 165, 169 n.1 (3d Cir. 2004)). Under this standard, the state must be "responsible" for the plaintiff's alleged constitutional injury. <u>Id.</u> at 1141-42. Thus, a plaintiff must show that there is a "sufficiently close nexus between the State and the challenged action . . . so that the action . . . may be fairly treated as that of the State itself." <u>Id</u>. at 1142 (quoting <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982)). As a general rule, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." <u>Bailey</u>, 188 F. App'x. at 68 (quoting <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 350 (1974)).

Applying these legal guideposts, cases are legion that private counseling or health care providers do not engage in conduct under color of state law for purposes of § 1983. For example, the United States Supreme Court has held that vocational counselors employed at a non-profit private school are not state actors within the meaning of §1983. <u>See</u> <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 842, 102 S. Ct. 2764, 2771, 73 L. Ed. 2d 418 (1982). Likewise, counselors and staff at a private mental health treatment facility have been found not to be state actors for purposes of

federal civil rights liability under this statute. <u>Benn v. Universal Health Sys., Inc.</u>, 371 F.3d 165, 173 (3d Cir. 2004). Further, it has been held that private pharmacy employees typically do not act under color of state law for purposes of §1983. <u>Caldwell v. CVS Corp.</u>, 443 F. Supp. 2d 654, 657 (D.N.J. 2006). Thus, a rising tide of case law rejects the notion that private counselors or health care providers are state actors subject to civil liability under §1983. Given this longstanding body of case law exempting private counselors and health care providers from the reach of § 1983, in the absence of any well-pleaded allegations demonstrating that the activities of this private addiction treatment facility were tantamount to state action, Ms. Stackhouse's § 1983 claims against this defendant fails on state action grounds. Therefore, these federal constitutional claims will be dismissed.

**C.    <u>We will Decline to Exercise Supplemental Jurisdiction over the Plaintiff's State Law Claims.</u>**

Despite the dismissal of these federal claims, Ms. Stackhouse invites us to retain jurisdiction over her various state law claims. However, our disposition of the plaintiff's federal legal claims, in turn, suggests the appropriate course for the court to follow in addressing any ancillary state law claims that the plaintiff may wish to pursue against this defendant and calls upon us to refrain from addressing these state law issues.

In a case such as this, where the jurisdiction of the federal court was

premised on alleged federal claims which are found to be subject to dismissal, the proper course generally is for "the court [to] decline to exercise supplemental jurisdiction over the plaintiff's state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-... the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims)." Bronson v. White, No. 05-2150, 2007 WL 3033865, *13 (M.D. Pa. Oct. 15, 2007) (Caputo, J.) (adopting report and recommendation dismissing ancillary malpractice claim against dentist); see Ham v. Greer, 269 F. App'x 149, 151 (3d Cir. 2008) (citing United Mine Workers, 383 U.S. at 726 and Tully v. Mott Supermkts., Inc., 540 F.2d 187, 196 (3d Cir. 1976).) ("Because the District Court appropriately dismissed [the inmate's] Bivens claims, no independent basis for federal jurisdiction remains"). As the Supreme Court has aptly observed:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers, 383 U.S. at 726 (footnotes omitted).

Here, we have found that Ms. Stackhouse's federal claims are subject to dismissal at the outset of this litigation. Therefore, in the exercise of our discretion in this district, we should decline to assert supplemental jurisdiction over potential ancillary state law claims in this case where all potential federal claims brought before us failed as a matter of law. This does not mean that Ms. Stackhouse is without some form of legal recourse with regard to these state law claims. Quite the contrary, she may bring these state law claims in the state courts which stand ready to address her concerns. However, prudential principles regarding federalism caution against us retaining jurisdiction over these matters which can, and should, be addressed in state court. Accordingly, these pendent state law claims will be dismissed without prejudice to Ms. Stackhouse filing these claims in state court.

### III.   <u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (Doc. 29) will be GRANTED, and the plaintiff's complaint will be dismissed.

An appropriate order follows.


*<u>S/Martin C. Carlson</u>*
Martin C. Carlson
United States Magistrate Judge

DATED: May 2, 2023

12